

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Ste. 600            (503) 727-1000
Portland, OR  97204-2902                  Fax: (503) 727-1117

Scott M. Kerin                                    Scott.Kerin@usdoj.gov
Assistant U.S. Attorney                           (503) 727-1002

July 23, 2013

Andrew N. Bates
Attorney at Law
1001 S.W. Fifth Avenue, Suite 1400
Portland, OR 97204

      Re:    ***United States v. Michael Serapis Freeman*, Case No. 3:12-CR-512-KI**
            **Plea Agreement Letter**

Dear Mr. Bates:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to **Counts 1 and 2** of the Indictment, which charge the crime of **Sexual Exploitation of Children - Production of Child Pornography**, in violation of 18 U.S.C. §§ 2, 2251(a) and 2251(e).

3.    **Penalties**:  The maximum sentence the Court may impose for a violation of 18 U.S.C. §§ 2251(a) and 2251(e), is 30 years imprisonment, a fine of $250,000, and a life term of supervised release.  The crime of conviction also carries a mandatory minimum term of 15 years imprisonment and a minimum of five years of supervised release.  There is also a $100 fee assessment (per count of conviction).  As a result of the conviction the defendant will also be required to register as a sex offender.  Defendant may also be required to pay restitution.  Defendant agrees to pay the fee assessment by the time of sentencing or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution/No 851 Sentencing Enhancement**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant (Counts 3, 4 and 5).

///

*United States v. Michael Serapis Freeman*, Case No. 3:12-CR-512-KI
Plea Agreement Letter
Page 2

5.  **Elements and Factual Summary**:

    A.  **As for Count 1**: The parties agree that on or about and between February 1, 2010 and June 27, 2012, in the District of Oregon:

        1.  The defendant knowingly employed, used, persuaded, induced, enticed, and coerced a minor female ("M.F. # 1") to engage in sexually explicit conduct, including sexual intercourse and the lascivious exhibition of the genitals and the pubic area of said minor, for the purpose of producing visual depictions of such conduct.

        2.  The visual depictions were transported in interstate commerce (across state lines) by any means, including by computer, and/or were produced using materials that were mailed, shipped, and transported in interstate or foreign commerce by any means, including by computer.

        3.  At the time, "M.F. # 1" was under the age of eighteen years.

    B.  **As for Count 2**: The parties agree that on or about and between February 1, 2010 and June 27, 2012, in the District of Oregon:

        1.  The defendant knowingly employed, used, persuaded, induced, enticed, and coerced a minor female ("M.F. # 2") to engage in sexually explicit conduct, including sexual intercourse and the lascivious exhibition of the genitals and the pubic area of said minor, for the purpose of producing visual depictions of such conduct.

        2.  The visual depictions were transported in interstate commerce (across state lines) by any means, including by computer, and/or were produced using materials that were mailed, shipped, and transported in interstate or foreign commerce by any means, including by computer.

        3.  At the time, "M.F. # 2" was under the age of eighteen years.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

*United States v. Michael Serapis Freeman*, **Case No. 3:12-CR-512-KI**
**Plea Agreement Letter**
**Page 3**

7. **Base Offense Level:** The parties agree that the defendant's **Base Offense Level**, pursuant to U.S.S.G. § 2G2.1(a), is **32**.

8. **Specific Offense Characteristics:** The government believes that the following Specific Offense Characteristics apply to the defendant's case:

| | | |
|---|---|---|
| A. | Minor victim under the age of 12, U.S.S.G. § 2G2.1(b)(1): | +4 |
| B. | Commission of a sexual act, U.S.S.G. § 2G2.1(b)(2)(A): | +2 |
| C. | Distribution of images, U.S.S.G. § 2G2.1(b)(3): | +2 |
| D. | Defendant was parent of minor, U.S.S.G. § 2G2.1(b)(5): | +2 |
| E. | Offense involved more than one victim, U.S.S.G. §§ 3D1.1, 3D1.2, 3D1.3 and 3D1.4: | +2 |
| F. | Offense involved a pattern of activity involving prohibited conduct, U.S.S.G. § 4B1.5(b): | +5 |
| G. | Obstruction or impeding the administration of justice, U.S.S.G. § 3C1.1: | +2 |

The government believes that the defendant's Offense Level is 51, for an advisory guideline sentence of Life imprisonment.

9. **Guidelines Calculations are Estimates Only**: The guideline calculations above are set forth as estimates only and the parties understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties. There is no agreement as to the defendant's criminal history.

10. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

11. **Sentencing Recommendation**: Pursuant to 18 U.S.C. § 3553(a) and the defendant's advisory Sentencing Guideline range of Life imprisonment, as long as defendant demonstrates an

*United States v. Michael Serapis Freeman*, Case No. 3:12-CR-512-KI
**Plea Agreement Letter**
**Page 4**

acceptance of responsibility as explained above, the government will recommend that the Court sentence the defendant to **60 years imprisonment (the statutory maximum sentence), to be followed by a life-term of supervised release**.

12. **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

13. **Restitution**: Per statute, the Court shall order restitution to the victims identified in the indictment ("M.F. # 1" and "M.F. # 2") in the full amount of the victims' losses as required by law and determined by the Court. In this case, the government has not, at this time, received any information concerning restitution.

14. **Abandonment/Forfeiture of Property**: By signing this agreement, defendant hereby voluntarily abandons/forfeits all right, title and interest to any of the digital media, cameras or computers seized in this case.

15. **Additional Departures, Adjustments, or Variances**:

    A.  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

    B.  Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

    C.  Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

Revised 02/03/10

*United States v. Michael Serapis Freeman*, Case No. 3:12-CR-512-KI
Plea Agreement Letter
Page 5

16. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum or (2) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

17. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

18. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

19. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

20. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

                                        Sincerely,

                                        S. AMANDA MARSHALL
                                        United States Attorney

                                        /s/ *Scott Kerin*
                                        SCOTT M. KERIN
                                        Assistant United States Attorney

                                        /s/ *Stacie F. Beckerman*
                                        STACIE F. BECKERMAN
                                        Assistant United States Attorney

Revised 02/03/10

*United States v. Michael Serapis Freeman*, Case No. 3:12-CR-512-KI
**Plea Agreement Letter**
Page 6

### *United States v. Michael Serapis Freeman*, Case No. 3:12-CR-512-KI
### Acceptance of Plea Agreement

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3/9/2013
Date

Michael Serapis Freeman
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/09/2013
Date

Andrew N. Bates
Attorney for Defendant

Revised 02/03/10